IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Jerry L. Lyons and Michael J. McKenzie, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Georgia-Pacific Corporation Salaried Employees Retirement Plan and Georgia-Pacific Corporation,<br><br>Defendants. | Civil Action<br><br>File No. 1: 97-CV-0980-JOF |

**MOTION AND MEMORANDUM OF DEFENDANTS GEORGIA-PACIFIC CORPORATION ("GEORGIA-PACIFIC") AND GEORGIA-PACIFIC SALARIED EMPLOYEES PENSION PLAN N/K/A GEORGIA-PACIFIC SALARIED RETIREMENT PLAN (THE "PLAN") FOR APPROVAL OF ADMINISTRATOR'S REPORT AND CONFIRMING <u>FORFEITURE OF BENEFITS AND REVERSION TO PLAN</u>**

Defendants Georgia-Pacific Corporation ("Georgia-Pacific") and Georgia-Pacific Salaried Employees Pension Plan n/k/a Georgia-Pacific Salaried Retirement Plan (the "Plan") respectfully move the Court to enter an Order approving the Administrator's Report filed concurrently herewith (the "Administrator's Report") and confirming forfeiture of benefits and reversion to Plan, in the form attached hereto as Exhibit 2. As grounds therefore, Defendants show as follows:

1. A Stipulation and Settlement Agreement (the "Settlement Agreement") was executed and filed in this action on or about February 3, 2004.

2. After due notice and hearing, a Final Order approving the Settlement Agreement was signed and entered herein on May 21, 2004.

3. A "Judgment" (Docket No. 134) was administratively entered by the Deputy Clerk on about May 27, 2004, vacated by Order (Docket No. 136) dated June 2, 2004 and filed June 7, 2004, and Final Judgment was entered *nunc pro tunc* as of May 21, 2004 (Docket No. 137).

4. Pursuant to Section 1.09 of the Settlement Agreement, "Final Approval" of the Settlement Agreement occurred after the time for appeals expired – thirty (30) days after the Judgment became "final." Notwithstanding some administrative confusion relating to the form and date of Final Judgment, in no event did "Final Approval" occur any later than thirty (30) days after the entry of the Court's Order of June 2, 2004 – being July 2, 2004. All the parties have agreed to utilize July 2, 2004 as the date of "Final Approval."

5. Section 7.07 of the Settlement Agreement provides, in part:

> "The following Class members and other persons to whom Class members' distributions are derivatively owed shall forfeit any and all rights to receive damages, benefits, compensation or any payments under the terms of this Settlement Agreement under the following circumstances:
>
> . . .
>
> (b) Any Class member whether or not identified in the records of the Plan or Georgia-Pacific (or other person to whom his/her distribution is derivatively owed), who fails to claim his/her benefit or negotiate any check or payment instrument from the Administrator within two (2) years after Final Approval; provided that this forfeiture provision shall not include Class members (or other person to whom his/her distribution is derivatively owed) who have not negotiated such checks or payment instruments because of outstanding disputes relating to the proper claimant to the funds.
>
> ... Any and all funds, benefits or distributions that are forfeited pursuant to this Section 7.07 shall revert to, and remain unrestricted assets of, the Plan."

6. Attached hereto as Exhibit "1" is the Administrator's Report which describes the benefits paid, forfeited and in suspense as of November 17, 2006.

7. The parties have agreed that, under the terms of the Settlement Agreement and specified protocols, all potential benefits described as "forfeited" as summarized in Exhibit "A" to the Administrator's Report should revert to, and remain

- 3 -

unrestricted assets of, the Plan, except as to those potential benefits referred to in Paragraph 8, *below*.

8. With respect to the category "Incomplete Response Form Packets Received" totaling $166,263.72, on or about November 21, 2006, the Administrator mailed one more letter in the form (including envelope) attached hereto as Exhibit 3, to those Class Members that specified an absolute bar date of January 31, 2007 within which to rectify their incomplete responses. The parties further agree to set aside the total amount of $200,000.00 from the reverter which should adequately cover the administrative expenses and potential payments associated with those Class Members.

9. Potential payments associated with the "Incomplete Response Form Packets Received" which are not properly completed <u>and</u> returned to LECG by postmark date January 31, 2007 shall be forfeited and revert to, and remain unrestricted assets of, the Plan as of March 1, 2007.

10. Any and all other funds remaining from the $200,000.00 hold-back after payment of administrative expenses chargeable to the "Incomplete" claimants described above, shall revert to, and remain the unrestricted assets of, the Plan as of March 1, 2007.

11. Accordingly, Defendants respectfully request that the Court approve the Administrator's Report and enter an Order with

LEGAL01/13021933v2

respect to the forfeiture of benefits in the form attached hereto as Exhibit 2.

11. Counsel for the Plaintiffs consent to this Motion and the form of Order attached hereto.

THEREFORE, Defendants respectfully pray that their Motion be granted.

This 22nd day of November, 2006.

| | |
|---|---|
| CONSENTED TO:<br><br>s/Eva T. Cantarella<br>Class Counsel<br>HERTZ, SCHRAM & SARETSKY, P.C.<br>1760 Telegraph Road<br>Suite 300<br>Bloomfield Hills, MI 48302-0183<br>(248) 335-5000 | s/Peter Q. Bassett<br>Georgia Bar No. 041350<br><br>Attorneys for Defendants<br>Georgia-Pacific Corporation<br>Salaried Employees Retirement<br>Plan and Georgia-Pacific<br>Corporation<br><br>ALSTON & BIRD LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309-3424<br>(404) 881-7000<br>(404) 881-7777<br>peter.bassett@alston.com |

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2006, I electronically filed the foregoing **MOTION AND MEMORANDUM OF DEFENDANTS GEORGIA-PACIFIC CORPORATION ("GEORGIA-PACIFIC") AND GEORGIA-PACIFIC SALARIED EMPLOYEES PENSION PLAN N/K/A GEORGIA-PACIFIC SALARIED RETIREMENT PLAN (THE "PLAN") FOR APPROVAL OF ADMINISTRATOR'S REPORT AND CONFIRMING FORFEITURE OF BENEFITS AND REVERSION TO PLAN** with the Clerk of Court using the CM/ECF system will automatically send email notification of such filing to the following attorneys of record:

>Eva T. Cantarella (ecantarella@hsspc.com)
>Rex M. Lamb, III (rlamb@sgrlaw.com)
>Bridget Bobick (bridget.bobick@troutmansanders.com)
>Eric Anthony Szweda (eric.szweda@troutmansanders.com)

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Robert P. Geller
Bradley J. Schram
Gary M. Saretsky
HERTZ, SCHRAM & SARETSKY, P.C.
1760 Telegraph Road, Suite 300
Bloomfield Hills, MI 48302-0183

Allen C. Engerman
180 Pearson Street, #7204
Chicago, IL 60611

and

4800 North Federal HWY #100-D
Boca Raton, FL 33431

Rex M. Lamb, III
SMITH GAMBRELL & RUSSELL, L.L.P.
Suite 3100, Promenade II
1230 Peachtree Street
Atlanta, GA 30309-3592

Settlement Administrator:

Cindi A. Straup, Director
LECG, LLC
One Main Place
1201 Main Street, #1950
Dallas, TX 75202

s/Peter Q. Bassett
Georgia Bar No. 041350